UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bobby C. Jenkins, | ) | C/A No. 5:14-cv-04498-RMG-KDW |
|               Plaintiff, | )<br>) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| McDonald Patrick Poston Hemphill & Roper LLC;<br>Steven M. Pruitt, | )<br>)<br>)<br>)<br>) | |
|               Defendants. | )<br>) | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.    Factual and Procedural Background

Bobby C. Jenkins ("Plaintiff") filed a Complaint under which he seeks to sue Steven M. Pruitt, the attorney who represents some of the defendants in a separate civil case that Plaintiff filed in this court: *Jenkins v. Shirley*, No. 5:14-2711-RMG-KDW. Plaintiff also seeks to sue Defendant Pruitt's law firm. In the Complaint under review, Plaintiff asserts that Defendants' representation of the South Carolina Department of Corrections ("SCDC") employees and officials who are defendants in *Jenkins v. Shirley* violates Plaintiff's 14th Amendment rights and constitutes a "conflict of interest" because the same attorney is representing SCDC defendants in a different civil action (filed by a different prisoner) in which Plaintiff was deposed by the

1

attorney. Compl. 4-5, ECF No. 1. Plaintiff asks this court to grant him declaratory relief and nominal damages. *Id*. at 6. He also requests injunctive relief in the form of an order requiring Defendants to withdraw from their representation of the defendants in *Jenkins v. Shirley*. *Id*.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.     Discussion

This court cannot exercise its federal question jurisdiction to consider Plaintiff's assertions of 14th Amendment violations against either Defendant pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996) (emphasis added). To state a plausible claim for damages under § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002).

Even though they represent state actors in some lawsuits in this and other courts, neither Defendant Pruitt nor his law firm, Defendant McDonald Patrick Poston Hemphill & Roper LLC, act under color of state law in connection with such legal representation. *See Limehouse v. Delaware*, 144 F. App'x 921, 923 (3d Cir. 2005) (a private attorney representing state actors and paid by the state does not become a state actor by virtue of such representation). As a result, Plaintiff's Complaint asserting constitutional violations based on alleged "conflict of interest" fails to state a viable § 1983 claim against either Defendant. In order to state a cause of action under § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). A

private attorney, whether retained by his client or appointed by a court, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (court-appointed attorney); *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-24 (1981) (public defender); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). Other than a possible, though, as stated above, non-plausible claim under § 1983, no other potential basis for the exercise of federal question jurisdiction in this case is evident from the face of the pleadings.

Furthermore, to the extent that Plaintiff's "conflict of interest" allegations could be liberally construed as legal-malpractice claims against Defendants, this court is without subject-matter jurisdiction to consider such claims. In the absence of diversity of citizenship between the parties, such a traditionally state-law based claim may not considered by this court. *See Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992); *see also DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989) (42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law). *Cf. Mitchell v. Holler*, 429 S.E.2d 793 (S.C. 1993) (legal malpractice case heard in state court); *Yarborough v. Rogers*, 411 S.E.2d 424 (S.C. 1991) (same). It is clear from the face of the pleadings that there is no basis on which Plaintiff could assert that there is federal diversity jurisdiction over his Complaint because Plaintiff and both Defendants are residents of the state of South Carolina. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978) (diversity of citizenship requires that no party on one side of a case may be a citizen of the same state as any party on the other

side). In absence of either federal question or diversity of citizenship jurisdiction over Plaintiff's allegations, this case is subject to summary dismissal.

    IV.    Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

February 5, 2015                                                        Kaymani D. West
Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).